UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

*Electronically Filed*

| | | |
|---|---|---|
| TENTLOGIX, INC. | ) | |
|       PLAINTIFF | ) ) ) | |
| v. | ) ) | Civil Action No. _____ |
| FULL CIRCLE EVENTS, INC.<br>4695 W. Serene<br>Las Vegas, Nevada  89139 | ) ) ) ) ) | |
|    SERVE:   Jed Hayden<br>                  Registered Agent<br>                  718 W. Main St., Suite 202<br>                  Louisville, Kentucky  40202 | ) ) ) ) ) | |
| RUDY LEKAR<br>4695 W. Serene<br>Las Vegas, Nevada  89139 | ) ) ) ) | |
|    SERVE:   Kentucky Secretary of State<br>                  152 State Capitol<br>                  700 Capitol Avenue<br>                  Frankfort, Kentucky  40601 | ) ) ) ) ) | |
| JASON GRAY<br>4695 W. Serene<br>Las Vegas, Nevada  89139 | ) ) ) ) | |
|    SERVE:   Kentucky Secretary of State<br>                  152 State Capitol<br>                700 Capitol Avenue<br>              Frankfort, Kentucky  40601 | ) ) ) ) ) | |
|          DEFENDANTS | ) | |

## **COMPLAINT**

The Plaintiff, TentLogix, Inc., by counsel, for its Complaint against the Defendants, Full Circle Events, Inc., Rudy LeKar, and Jason Gray, states and alleges as follows:

## PARTIES

1. The Plaintiff, TentLogix, Inc., is a corporation organized under the laws of Florida with its principal place of business in Stuart, Florida. TentLogix, Inc. provides rental equipment for special events under the name Premier Tenting Solutions and Party Rentals.

2. The Defendant, Full Circle Events, Inc., is a corporation organized under the laws of Nevada with its principal place of business in Las Vegas, Nevada. Full Circle Events, Inc. is a contractor for special events.

3. Upon information and belief, the Defendant, Rudy LeKar, is a co-founder, officer, and director of Full Circle Events, Inc. and is a resident and citizen of Nevada.

4. Upon information and belief, the Defendant, Jason Gray, is a co-founder, officer, and director of Full Circle Events, Inc. and is a resident and citizen of Nevada.

## JURISDICTION AND VENUE

5. The Plaintiff restates and realleges all prior paragraphs of this Complaint as if set forth fully herein.

6. This Court has personal jurisdiction over the Defendants identified above because they are transacting or have transacted business in the Commonwealth of Kentucky.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different states.

8. Venue is proper in this Court because it is an action to recover damages resulting from the breach of a contract that was both entered into and to be performed in the Eastern District of Kentucky, specifically Fayette County, Kentucky.

## FACTUAL BACKGROUND

9. The Plaintiff restates and realleges all prior paragraphs of this Complaint as if set forth fully herein.

10. The Defendant, Full Circle Events, Inc., was a general rental contractor charged with supplying tenting, tent flooring, fuel, and accessory equipment for the 2010 World Equestrian Games held in Lexington, Kentucky.

11. On or about May of 2010, the Defendant, Full Circle Events, Inc., approached the Plaintiff, TentLogix, Inc., to discuss hiring the Plaintiff to furnish, rent, and install tents and chalets and provide other materials for events associated with the 2010 World Equestrian Games.

12. As a result of the Defendant, Full Circle Events, Inc.'s, interest in obtaining the Plaintiff, TentLogix, Inc's, services for the 2010 World Equestrian Games, the Plaintiff entered into discussions and negotiations with the Defendants concerning the price of the services to be provided and other performance issues. As part of these negotiations, representatives from the parties met several times in Lexington, Kentucky.

## COUNT I – BREACH OF CONTRACT

13. The Plaintiff restates and realleges all prior paragraphs of this Complaint as if set forth fully herein.

14. The negotiations described above resulted in an agreement ("the Agreement") between the Plaintiff and the Defendant, Full Circle Events, Inc, wherein it was agreed that the Plaintiff would furnish, install, and erect tents and chalets for the 2010 World Equestrian Games in consideration of a price to be paid by the Defendant based upon the square footage and equipment provided.

15. Subsequent to reaching the Agreement, the Plaintiff erected and installed all tents and chalets required under the Agreement, and all obligations and conditions precedent under the parties' agreement have been performed by the Plaintiff or otherwise have occurred.

16. As the 2010 World Equestrian Games approached, the Defendant submitted numerous changes in the quantity of equipment and the scope of services and equipment to be provided by the Plaintiff, which resulted in significantly increased costs of the Plaintiff's services. The Defendant approved and promised to pay for all of the increased costs.

17. To date, the Defendant, Full Circle Events, Inc., has paid the Plaintiff approximately Six Hundred Thousand Dollars ($600,000) in installments for the services and material the Plaintiff has provided in relation to the 2010 World Equestrian Games.

18. The Defendant, Full Circle Events, Inc., owes the Plaintiff Three Hundred Sixty Thousand, Six Hundred Sixty-eight Dollars ($360,668) due under the terms of the parties' Agreement.

19. Despite the demands of the Plaintiff, the Defendant, Full Circle Events, Inc., has failed and refused to perform its obligations under the parties' agreement by paying the Plaintiff the balance owed.

20. The Plaintiff is entitled to recover as damages all damages that are the natural and proximate result of the above-referenced breach of contract by the Defendant, Full Circle Events, Inc.

## COUNT II – QUANTUM MERUIT AND UNJUST ENRICHMENT

21. The Plaintiff restates and realleges all prior paragraphs of this Complaint as if set forth fully herein.

22. The Plaintiff rendered valuable services and furnished materials to the Defendant, Full Circle Events, Inc., by erecting tents and chalets and making these tents, chalets, and related equipment available for the Defendant's use during the 2010 World Equestrian Games.

23. The work, services, material, and equipment provided by the Plaintiff were received and/or accepted by the Defendant, Full Circle Events, Inc., or were rendered with the knowledge and consent of the Defendant and under circumstances as reasonably notified the Defendant that the Plaintiff expected to be paid by the Defendant.

24. The work, services, material, and equipment provided by the Plaintiff benefitted the Defendant, Full Circle Events, Inc., in that the Defendant would have had to perform said work and services or hire a third party to perform said work and services but for the fact that the Plaintiff provided this work, services, and materials.

25. Despite making payments in installments totaling Six Hundred Thousand Dollars ($600,000), the Defendant, Full Circle Events, Inc., has not made a reasonable payment for the services provided and materials furnished.

26. The Defendant, Full Circle Events, Inc., would be unjustly enriched if it was allowed to retain the benefits resulting from the work, services, materials, and equipment provided by the Plaintiff without having to make a reasonable payment for the value of the benefits received.

27. The Plaintiff was not a volunteer in rendering the services and performing the work associated with furnishing tents and chalets for the 2010 World Equestrian Games, and the Defendant, Full Circle Events, Inc., understood that the Plaintiff was entitled to compensation for the services and work performed.

28. All conditions precedent to the maintenance of this action have been performed by the Plaintiff or have otherwise occurred.

29. The Plaintiff is entitled to recover the reasonable value of the services rendered and materials furnished and/or the benefits realized by the Defendant.

## COUNT III - FRAUD

30. The Plaintiff restates and realleges all prior paragraphs of this Complaint as if set forth fully herein.

31. During Full Circle Events, Inc.'s discussions and negotiations with the Plaintiff, including but not limited to those that occurred in Lexington, Kentucky, Defendants Rudy LeKar and Jason Gray, as representatives of Full Circle, Inc., represented to the Plaintiff that the Defendants would pay the Plaintiff the full contract amount for the value of furnishing and installing tents and chalets for the 2010 World Equestrian Games.

32. The representations mentioned above were false when the Defendants made them in that the Defendants never intended to pay the Plaintiff the full contract price for its services.

33. The Defendants knew that the above-referenced representations were false or made them with reckless disregard for their truth or falsity.

34. The Defendants made the above-referenced representations with the intent and for the purpose of deceiving the Plaintiff and to induce the Plaintiff into relying upon them by entering an agreement to furnish, supply, and install tents and chalets for the 2010 World Equestrian Games and performing its obligations under the Agreement.

35. The Defendants' false representations induced the Plaintiff to enter a contract to furnish tents and chalets for the 2010 World Equestrian Games in reasonable reliance upon the representations.

36. The Plaintiff, in reliance on the representations mentioned above, furnished tent and chalet materials and installed tents and chalets for the 2010 World Equestrian Games at considerable cost and effort.

37. The Plaintiff's reliance on the representations mentioned above was reasonable under the circumstances.

38. As a direct and proximate result of the conduct of the Defendants as described above, the Plaintiff incurred considerable costs, all to the Plaintiff's damage.

## **COUNT IV – PUNITIVE DAMAGES**

39. The Plaintiff restates and realleges all prior paragraphs of this Complaint as if set forth fully herein.

40. The Defendants' actions described herein were malicious, oppressive, intentional, and willfully manifested an intentional disregard for the legitimate rights and interest of the Plaintiff, entitling Plaintiff to an award of punitive and exemplary damages against the Defendants pursuant to KRS 411.184.

WHEREFORE, the Plaintiff, TentLogix, Inc., prays for judgment against the Defendants, Full Circle Events, Inc., Rudy LeKar, and Jason Gray, as follows:

A. For damages in an amount in excess of the amount required to confer subject matter jurisdiction on this Court and to be proven at trial.

B. For pre- and post-judgment interest.

C. For punitive damages;

D. For costs of suit herein incurred;

E. For trial by jury; and

F. For such other and further relief as the Court may deem proper.

Respectfully submitted,

 s / Gregory S. Berman
Gregory S. Berman
J. Brooken Smith
gberman@wyattfirm.com
bsmith@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street
Suite 2600
Louisville, KY  40202-2898
Phone:  502.589.5235
Facsimile:  502.589-0309

*Counsel for Plaintiff, TentLogix, Inc.*

20332973.5