**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 10-388-JBC**

**TENTLOGIX, INC.,** **PLAINTIFF,**

**V.** **MEMORANDUM ORDER AND OPINION**

**FULL CIRCLE EVENTS, INC., ET AL.,** **DEFENDANTS.**

\* \* \* \* \* \* \* \* \*

This matter is before the court on Tentlogix's motion for entry of default (R. 48) and Full Circle's motion to strike (R. 55). The court will deny Tentlogix's motion because Full Circle's answer to the amended complaint was timely filed. The court will deny Full Circle's motion because it seeks inappropriate relief.

Full Circle's answer to Tentlogix's amended counterclaim was timely filed. The court granted Tentlogix's motion for leave to amend on August 5, 2011, *see* R. 41, and its amended complaint was filed the same day. *See* R. 42. Full Circle received a notice of electronic filing of Tentlogix's amended complaint on August 8, 2011. *See* Affidavit of John Brooken Smith, R. 48-1 at 2 (Aug. 24, 2011). Full Circle had until August 25, 2011, to file its answer because Rule 15(c) allows a party fourteen days to respond to an amended pleading from the date of service and Rule 6(d) adds three more days to that period because the document was electronically served. Full Circle's answer, filed on August 24, 2011, sixteen days after Full Circle received notice of the filing of the amended complaint, is therefore timely.

Full Circle's motion to strike portions of the amended complaint seeks inappropriate relief. Full Circle seeks to strike five counts from the amended complaint that assert liability based on promissory estoppel, guaranty, conversion, fraud and negligent misrepresentation, and corporate veil-piercing. These allegations in the complaint do not constitute redundant, immaterial, impertinent, or scandalous matter. *See* FED. R. CIV. P. 12(f). A motion to strike is inappropriate here because the portions of the amended complaint that Full Circle wishes stricken are plainly related to the controversy between the parties. *See Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822. That these claims were introduced at this stage of litigation, rather than at the beginning, is immaterial, and whether Tentlogix's claims under these counts are meritorious is an issue appropriately addressed in a motion for summary judgment.

Accordingly,

**IT IS ORDERED** that the motion for entry of default (R. 48) and the motion to strike (R. 55) are **DENIED**.

Signed on November 2, 2011

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY